IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Shawneta Salley-Davis,                    )         C/A No. 4:10-1411-TMC
for Tametria Lashirley Davis,             )
                                          )
                    Plaintiff,            )         **ORDER**
                                          )
         v.                               )
                                          )
Michael J. Astrue, Commissioner           )
of Social Security Administration,        )
                                          )
                   Defendant.             )

         On October 18, 2011, the Plaintiff filed a motion for attorney's fees pursuant to the

Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412, on the basis that she was a

prevailing party and the position taken by the Defendant in this action was not substantially

justified. Defendant filed a response on November 3, 2011, in which he contends that

Plaintiff's request for attorney fees should be denied because the government's position

was substantially justified in the case.

         Under the EAJA, a court shall award attorney's fees to a prevailing party in certain

civil actions against the United States unless it finds that the government's position was

substantially justified or that special circumstances make an award unjust. 28 U.S.C. §

2412(d)(1)(A). The district courts have discretion to determine a reasonable fee award and

whether that award should be made in excess of the statutory cap. *Pierce v. Underwood*,

487 U.S. 552 (1988); *May v. Sullivan*, 936 F.2d 176, 177 (4th Cir. 1991).

         The standard to be applied in determining whether the Commissioner was

"substantially justified" in terminating social security benefits, for purposes of determining

whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. *Anderson v. Heckler,* 756 F.2d 1011 (4th Cir. 1984). In this case, this Court reversed the Commissioner's decision pursuant to 42 U.S.C. 405(g), and remanded the case for further administrative proceedings. The Commissioner did not file any objections to the Report. While the reversal of an agency decision for lack of substantial evidence does not raise a presumption that the agency was not substantially justified, this court believes on the record before it that an award of attorney's fees is appropriate in this case.

The attorney for the Plaintiff determined the hourly rate of $173.75 by dividing the average CPI-U (South Urban area) for December 2010 (212.488) by the average CPI-U (South Urban area) for March 1996 (152.9), the month of re-enactment of the EAJA. The result of 1.39 % was then multiplied by the base hourly rate of $125.00 to obtain the hourly rate of $173.75. Counsel expended a total of 21 hours representing the Plaintiff before the Court, as is shown in the itemized statement attached to her motion. In summary, the Petitioner is seeking attorney's fees at the hourly rate of $173.75 for total fees of $3,648.75. Petitioner is also seeking $7.00 in costs and $16.00 in expenses.

Based on the foregoing and after considering the briefs and materials submitted by the parties, the Court directs the Defendant to pay Plaintiff the sum of $3,664.75 in attorney fees and expenses and $7.00 for costs,[1] for a total award of $3671.75  as requested by Plaintiff's counsel. Although the check for the fees must be payable to the order of the

---

[1]Costs are paid from the Judgement Fund, rather than from agency funds. *See* 28 U.S.C. §  2412 (c)(1), 2414.

Plaintiff, the check itself should be mailed directly to Plaintiff's attorney.[2]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

November 7, 2011
Greenville, South Carolina

---

[2]Attorney's fees awarded under the EAJA must be paid to Plaintiff. *See Astrue v. Ratliff*, 505 U.S.____, 130 S.Ct. 2521 (2010) (holding that the plain text of the EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); *see also Stephens v. Astrue*, 565 F.3d 131, 139 (4th Cir. 2009) (same).