IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Shawneta Salley-Davis, <br> for Tametria Lashirley Davis, <br><br> Plaintiff, <br><br> v. <br><br> Michael J. Astrue, <br> Commissioner of Social <br> Security Administration, <br><br> Defendant. | C/A No. 4:10-1411-TMC <br><br><br><br><br> **ORDER** |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b). The Plaintiff seeks an award of attorney's fees in the amount of $13,901.29. The Commissioner has filed a response informing the court that he does not object to Plaintiff's motion for fees.

Pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002), in reviewing a request for attorney's fees under § 406(b), a court must look first to the contingent fee agreement and assess its reasonableness. A reduction in the contingent fee may be appropriate when (1) the fee is out of line with the character of the representation and the results achieved; (2) counsel's delay caused past-due benefits to accumulate during the pendency of the case in court, or (3) past-due benefits are large in comparison to the amount of time counsel spent on the case. *Id.*

Based upon a review of the petition and these factors, the court finds that an award of $13,901.29 is reasonable. Pursuant to a contingency fee agreement, Plaintiff agreed to pay counsel 25 percent of any past-due benefits. Plaintiff was awarded $55,605.18 in back benefits and, in compliance with 42 U.S.C. § 406(b)(1)(A), counsel's requested fee does

not exceed 25 percent of these past-due benefits. Furthermore, the requested attorney's fee is reasonable given that counsel expended 27.65 hours working on this matter at the court level.  *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (noting that under § 406(b) the court makes fee awards only for work done before the court).  Additionally, Plaintiff's counsel achieved a successful result without any unreasonable delay.  In light of counsel's specialized skill in social security disability cases, the attorney's fee award does not amount to a windfall. *Cf. Brown v. Barnhart*, 270 F.Supp.2d 769, 772–73 (W.D.Va. 2003).

Therefore, based on the foregoing, Plaintiff's motion for attorney's fees is granted and Plaintiff is awarded $13,901.29 in attorney's fees as requested.[1]

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 16, 2012
Greenville, South Carolina

---

[1] Plaintiff's counsel was previously awarded fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $3,664.75. Plaintiff's counsel is to refund to the Plaintiff the previously ordered EAJA fee of $3,664.75 immediately after he receives the payment of the § 406(b) fees.  "Fee awards may be made under both [EAJA and § 406(b) ], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht,* 535 U.S. at 796 (internal quotation marks and citation omitted).